No. 88-220 & 88-119

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

JOHN F. RAMAGE and ANDREW E. WILSON,

      Petitioners and Appellants,            88-220

  -vs-

DEPARTMENT OF REVENUE OF THE STATE OF MONTANA,

      Respondent and Respondent.
              ***************

ROSALIE WOODHALL,
      Petitioner and Appellant,             88-119

  -vs-

DEPARTMENT OF REVENUE OF THE STATE OF MONTANA,

      Respondent and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
Honorable G. Todd Baugh, Judge presiding (88-119)

District Court of the First Judicial District,
In and for the County of Lewis and Clark,
Honorable Henry Loble, Judge presiding (88-220)

COUNSEL OF RECORD:

For Appellants:

Terry L. Seiffert, Billings, Montana
(Rosalie Woodhall)
Curtis E. Larsen, Jackson, Murdo, Grant & Larsen;
Helena, Montana (John F. Ramage & Andrew E. Wilson)

For Respondent:

Paul Van Tricht, Helena, Montana

Submitted on Briefs: October 6, 1988
Decided: February 3, 1989

FILED
'89 FEB 3 PM 3 43
ED SMITH, CLERK
MONTANA SUPREME COURT

Filed:

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellants in this consolidated action appeal from District Court orders upholding the denial of their applications for original all-alcoholic beverage licenses by the Department of Revenue of the State of Montana (DOR). We affirm.

Appellants Ramage and Wilson and appellant Woodhall raise the following issue for review:

1) Did the respective District Courts err in finding that substantial credible evidence supported DOR's denial of their applications for liquor licenses?

Ramage and Wilson present two additional issues for our consideration:

2) In the processing of an application for a liquor license, when must DOR's investigation of the applicant and the proposed premises be completed?

3) Does DOR have independent authority to weigh the evidence pertaining to public convenience and necessity when no protests from the public regarding the issuance of a liquor license are filed with the agency?

On March 14, 1985, John F. Ramage and Andrew E. Wilson filed an application with DOR for a Yellowstone County quota area liquor license. Ramage and Wilson proposed to use the license for a bar called The Hanger that they planned to construct on the 8400 block of Grand Avenue, a little more than 5 miles outside the city limits of Billings. In April, 1985, in response to DOR's request for evidence in support of public convenience and necessity, Ramage and Wilson submitted petitions signed by approximately 100 Billings area residents. The petitioners asserted their belief that the

public need called for a new cocktail lounge and dance club at the proposed location of The Hanger.

Thereafter, DOR published notice of the application in the Billings Gazette. The notice, among other things, invited interested persons to file written protests against the issuance of the license. No protests were filed with DOR.

Ramage and Wilson proceeded with the remodeling of the proposed premises. Before the work was completed, however, fire destroyed the structure. The cause of the fire was unknown. After the fire, Ramage and Wilson commenced reconstruction of the building.

Meanwhile, in July, 1985, DOR received two more applications for Yellowstone County liquor licenses for establishments to be located on the 8400 block of Grand Avenue. One application was from appellant Rosalie Woodhall. Woodhall desired the license for the operation of a proposed bar called R & R Store and Lounge.

On October 18, 1985, the city of Billings annexed the area surrounding the proposed taverns. The annexation resulted in the incorporation of the sites of the proposed bars into the Billings city limits and the city liquor license quota area.

Prior to the annexation, on October 1, 1985, DOR's License Bureau Chief issued notices to all three applicants, informing them that their applications were denied because issuance of liquor licenses for their proposed premises was not justified by public convenience and necessity. Each notice stated:

> The location of your proposed premises is in close proximity to three existing establishments licensed for the sale and service of all alcoholic beverages for consumption on the premises. The service area

surrounding the proposed premises for licensing is sparsely populated and the demand for all-beverages sale and consumption does not warrant the issuance of additional all-beverages licenses at this time.

All three applicants requested a hearing on the decision. After the hearings, the hearing examiner issued proposed findings of fact, conclusions of law and orders, denying all three applications. Appellant Woodhall and appellants Ramage and Wilson filed exceptions to the proposed orders. Oral arguments were held before the Director of DOR.

In the fall of 1986, the Director issued the final department decisions, modifying and adopting the hearing examiner's proposed orders. The Director denied the applications because the proposed bars were not justified by public convenience and necessity and the proposed premises were inside the Billings quota area which was full.

Ramage and Wilson filed a petition for judicial review with the First Judicial District Court, Lewis and Clark County. The District Court denied the petition and affirmed DOR's final decision.

Woodhall filed a petition for judicial review with the Thirteenth Judicial District Court, Yellowstone County. On December 12, 1986, the District Court remanded the petition for a redetermination of the public convenience and necessity issue. On April 13, 1987, the hearing examiner entered supplemental findings of fact, conclusions of law and proposed order. The hearing examiner concluded that Woodhall's proposed R & R Store and Lounge failed to meet the statutory requirements for public convenience and necessity.

Woodhall filed exceptions to the proposed order but did not request oral argument. On July 13, 1987, the Director rejected Woodhall's exceptions and adopted the hearing examiner's supplemental findings, conclusions and order.

- 4 -

Woodhall again submitted the case to the Yellowstone County District Court. The District Court affirmed the Department's final decision.

Woodhall filed an appeal of the District Court order, as did Ramage and Wilson. Upon motion by DOR, the appeals were consolidated into one action.

Both District Courts upheld DOR's denial of the appellants' liquor license applications on the ground that the issuance of such licenses would not be justified by public convenience and necessity. Appellants argue that their respective District Courts erred in finding that DOR's denial was supported by substantial credible evidence.

The Montana legislature has delegated the administration of the Montana Alcoholic Beverage Code, §§ 16-1-101 through 16-1-411, MCA, to DOR. Section 16-1-301, MCA. DOR's powers include the ability to issue liquor licenses. Section 16-1-302(8), MCA. DOR may issue a license to any person it approves as fit and proper to sell alcoholic beverages, as long as the number of licences do not exceed quota limitations. Section 16-4-201, MCA. In addition, DOR must find that the issuance of such license is justified by public convenience and necessity. Section 16-4-203, MCA.

Public convenience and necessity is not defined in the statute books. Nor can a precise definition of the phrase be found in agency regulations. This Court has acknowledged the difficulties inherent in defining the term. In Baker Sales Barn, Inc. v. Montana Livestock Commission (1962), 140 Mont. 1, 12, 367 P.2d 775, 781, we recognized that whether an application is justified by public convenience and necessity depends on the facts of each case. Because the determination of public convenience and necessity involves such a fact-intensive inquiry, it is not necessary that DOR adopt rigid rules defining the term. "[T]he choice made between

proceeding by general rule or by individual, ad hoc litigation is one that lies primarily in the informed discretion of the administrative agency." NLRB v. Bell Aerospace Co. (1974), 416 U.S. 267, 293, 94 S.Ct. 1757, 1771, 40 L.Ed.2d 134, 153 (quoting SEC v. Chenery Corp. (1947), 332 U.S. 194, 203, 67 S.Ct. 1575, 1580, 91 L.Ed. 1995, 2002). DOR's use of the adjudicative process to determine whether applications for liquor licenses are warranted by public convenience and necessity is not, as Ramage and Wilson argue, an invalid exercise of rulemaking authority.

Ramage and Wilson also argue that DOR is left completely unguided by its failure to adopt rules precisely defining public convenience and necessity. This is not so. In previous administrative decisions, DOR established standards for use in public convenience and necessity determinations. In the VFW Case (1986), DOR No. 85-P-011, 10, the Director delineated these guidelines when he quoted favorably from a prior proposed order:

> [P]ublic convenience and necessity are advanced where the issuance of the license will materially promote the public's ability to engage in the licensed activity. This determination involves an evaluation of a variety of criteria, including inter alia the business abilities and character of the applicant, the demand for services in the area to be served, the impact on existing purveyors, and any adverse impact on the area to be served. No single factor is a necessary or sufficient indicator of public convenience and necessity . . .

Because DOR has established criteria to guide its determinations of public convenience and necessity, we need not fear arbitrary decisions subject only to the whim of the agency.

The District Courts did not err in concluding that the findings of fact made by the hearing examiner and adopted by the Director were supported by substantial credible evidence.

- 6 -

At both hearings, DOR submitted evidence through its investigators Willems and St. John. The investigators' testimony indicated that the proposed sites were located in rural, sparsely populated regions. Further testimony and documentary evidence established that in October, 1985, three bars already served the area surrounding the sites of appellants' proposed premises. In addition, the records showed that since 1980 at least four bars located in the same area as the appellants' establishments that had been originally licensed under the Yellowstone County quota area were later annexed into the city quota area. After the annexation, the licenses of these four bars were transferred to more populous areas of the city.

Judical review of an administrative agency's factual findings is quite narrow. A court reviewing an agency action may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. Section 2-4-704(2), MCA. Findings of fact will be upheld unless clearly erroneous. Facts supported by subtantial credible evidence in the record are not clearly erroneous. Section 2-4-704(2)(e), MCA, construed in Billings v. Billings Firefighters Local No. 521 (1982), 200 Mont. 421, 431, 651 P.2d 627, 632. The testimony and documents introduced through inspectors Willems and St. John constitute substantial credible evidence that supports DOR's findings of fact.

Whether the substantial credible evidence established by DOR demonstrates that the issuance of liquor licenses to the appellants was not justified by public convenience and necessity is a question of law. Judicial review of legal questions is much broader than judicial review of factual issues. We will not hestitate to overturn an agency's legal conclusion that is characterized by an abuse of discretion. Section 2-4-704(2)(f), MCA.

The records demonstrate a sparse population, the existence of other bars in the immediate area and a history of license transfers from outlying regions to the inner city. These facts indicate a lack of public demand for additional taverns in the area. Without a showing of public demand, public convenience and necessity cannot be justified. DOR's conclusion that issuance of liquor licenses to the appellants was not warranted by public convenience and necessity was not therefore an abuse of discretion. The District Courts did not err in upholding the agency's decision to deny the applications.

Ramage and Wilson contend that DOR abused its discretion and exceeded its statutory authority by failing to make an investigation and determination of their qualifications within 30 days of receipt of their completed application. They argue that DOR therefore is precluded from denying their application.

Montana law requires DOR to thoroughly investigate a liquor license applicant as well as the premises of the proposed bar. Section 16-4-402(2), MCA, provides:

> Upon receipt of a completed application for a license under this code, accompanied by the necessary license fee or letter of credit as provided in 16-4-501(7)(f), the department shall within 30 days make a thorough investigation of all matters pertaining thereto and shall determine whether such applicant is qualified to receive a license and his premises are suitable for the carrying on of the business and whether the requirements of this code and the rules promulgated by the department are met and complied with.

Ramage and Wilson argue that DOR failed to comply with § 16-4-402(2), MCA, because it failed to conduct a final investigation within 30 days after the paperwork for their application had been submitted. We do not agree. Section 16-4-402(2), MCA, requires DOR to determine

- 8 -

both that the applicant is qualified to receive a license and that the premises are suitable for carrying on the business of selling alcohol. In addition, agency regulations mandate that, before a determination of suitability can be made, a health and safety inspection of the proposed establishment must be conducted. Section 42.12.122, ARM. Such an inspection cannot take place before construction of the building is completed. Therefore, the 30-day investigative period required by § 16-4-402(2), MCA, does not begin to run until the applicant has submitted all the required paperwork and the proposed establishment has been constructed.

In the present case, Ramage and Wilson submitted the paperwork required for application in April, 1985. However, as of October 1, 1985, the date upon which the application was denied, the building proposed to house The Hanger had not been completed. Hence, DOR did not abuse its discretion by failing to issue or deny the application 30 days after the paperwork had been submitted because the proposed establishment had not been constructed by that time.

Ramage and Wilson next argue that once they submitted evidence in support of a showing of public convenience and necessity and no public protests were received, DOR was required to automatically approve their application. They maintain that DOR has no independent authority to weigh the evidence pertaining to public convenience and necessity when no protests from the public regarding the issuance of a license are filed with the department.

This argument is totally without merit. As noted previously, the legislature has delegated to DOR the power to issue liquor licenses. Section 16-1-302(8), MCA. Before a license may be issued, DOR must determine that its issuance is justified by public convenience and necessity. Section

16-4-203, MCA. In order to make this determination, DOR must independently weigh the evidence submitted by the applicants. The lack of public protest does not extinguish this duty.

Ramage and Wilson also argue that the time for determining the quota area for a liquor license application is the date the application is submitted, not the date the application is approved or denied. Because we hold that the District Courts did not err in upholding DOR's decisions to deny the applications on the basis of public convenience and necessity, we need not examine this issue.

We affirm the District Courts.

_William E. Hunt Sr._
Justice

We Concur:

_John Conway Harrison_

_John C. Sheehy_

_R. C. McDonough_

_L. C. Gulbrandson_
Justices

- 10 -